Law Library

## IN THE SUPERIOR COURT
## OF GUAM

JOSE L. CEJOCO and PROMELINDA E. CEJOCO,

        Plaintiffs,

v.

JUAN CEPEDA GOMEZ, EMLINDA M. GOMEZ EMILIA D.SCHARFF and GEORGE E. SCHARFF,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

DOMESTIC CASE NO.: CV1147-12

**DECISION AND ORDER**

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam Plaintiff's motion for summary judgment was taken under advisement on September 11, 2013. Plaintiffs are represented by attorney, Jessica L. Toft. Defendants pursuant to the Court's December 28, 2102 order were served by publication and have not filed an appearance. Having considered the papers, pleadings and file herein, the Court now enters an order GRANTING in part Plaintiffs' motion for summary judgment.

## BACKGROUND

The instant matter arises out of an October 1, 2012 Verified Complaint to Quiet Title, to Set Aside Judgment, for Fraud, for Breach of Express and Implied Warranty, for Conversion, and for Declaratory Judgment. A Default was entered against Defendants on April 15, 2013.

On August 12, 2013, Plaintiffs filed a paper entitled, Motion for Summary Judgment. In it Plaintiffs request that pursuant to 21 GCA § 25113 the Court enter an order, directing that judgment quieting and clearing title to Lot 5234-7-5, and declaring their rights to possession of the same Lot, be entered in their favor. Plaintiffs also request that the Court void the default judgment in CV1651-96. Plaintiffs' papers assert and the Court finds the following are

undisputed facts:[1]

1. In 1973 Nicolasa Cepeda Gomez obtained Basic Lot 5234-7 through deeds of exchange;

2. Defendant Juan Cepeda Gomez (hereafter Defendant Gomez) and heirs inherited Basic Lot 5234-7 from Nicolasa Cepeda Gomez;

3. Defendant Gomez and heirs through a deed of partition subdivided the lot into three lots: Lot 5234-7-3, Lot 5234-7-4, and Lot 5234-7-5. The deed gave ownership to Lot 5234-7-5 to Defendant Gomez;

4. On July 27, 1994, Defendant Gomez was issued Certificate of Title No. 98955 for Lot 5234-7-5;

5. On or abouy May 23, 1995, Defendant Gomez agreed to sell Lot 5234-7-5 to Plaintiffs for $60,000.00. The agreement was memorialized in the affidavits of Defendant Gomez and Plaintiffs and a Warranty Deed from Defendant Gomez to Plaintiffs. Each were recorded at the Guam Department of Land Management;

6. As part of the agreement Plaintiffs purchased title insurance and received a title search report that revealed no encumbrances or other recorded interests upon Lot 5234-7-5;

7. Plaintiffs received a Certificate of Title to Lot 5234-7-5 from the Guam Department of Land Management on June 26, 1995;

8. Plaintiffs built a home upon and occupied Lot 5234-7-5 in June of 1995 and have continuously lived upon and occupied the same lot since that date;

9. On December 17, 1996, Defendant Gomez filed a pleading against Emilia Scharff and George E. Scharff (hereafter Defendants Scharff) or Estate of George E. Scharff, in CV1651-96. It included an attached unsigned map that switched the positions of Lot 5234-7-5 and 5234-7-R5. In amended pleadings Defendant Gomez requested that he be adjudged the legal owner of Lot 5234-7-R5 and the Defendants Scharff, Lot 5234-7-5;

10. Service by publication upon the defendants in CV1651-96 was ordered by the court on January 30, 1997 and Declarations of Posting and Publication were filed with the court on February 6 and 27, 1997;

11. Plaintiffs were not named, served or notified of CV1651-96;

12. On November 12, 1997 the court in CV1651-96 held a default hearing and granted a judgment to Defendant Gomez. The judgment quieted title in Lot 5234-7-5 as to the parties of the suit;

13. The judgment in CV1651-96 was not recorded at the Guam Department of Land Management until November 22, 2000. Plaintiffs did not discover the judgment until February 2010. Through 2008 Plaintiffs continued to pay real property taxes on Lot

---

[1] Number 10 was not asserted by the Plaintiffs but upon review of the papers herein and the file in CV1651-96, for which the Court takes judicial notice, the Court finds them to be undisputable and material.

5234-7-5;

14. On November of 2009 Plaintiffs upon inquiry were given a new tax bill for Lot 5234-7-5. The new tax bill listed Defendants Scharff as the new owners of the Lot. Plaintiffs subsequently began a record search and discovered the November 2000 recorded judgment;

15. On October 1, 2012, Plaintiffs commenced the instant action, a Verified Complaint to Quiet Title, to Set Aside Judgment, for Fraud, for Breach of Express and Implied Warranties, for Conversion and for Declaratory Judgment against Defendants Juan Cepeda Gomez, Melinda M. Gomez, Emilia D. Scharff, George E. Scharff and Does I-X;

16. On December 28, 2012, after reasonably attempting to obtain service upon Defendants Juan and Melinda Gomez and Emilia and George Scharff, the Court entered an order for publication of summons upon Defendants Gomez and Defendants Scharff; and

17. On April 15, 2013 after duly publishing and posting their summons upon Defendants Gomez and Defendants Scharff the Court entered Default against them.

Plaintiffs argue that these facts support a conclusion that Defendant Gomez planned and executed atrocious fraud, on the court, themselves and possibly Defendant Gomez's sister, Defendant Emilia Scharff.

Plaintiffs' motion disputes the validity of the Guam Superior Court's order in CV1651-96. Plaintiffs argue that it was improperly entered under 21 GCA § 25113, the entering court not having heard or considered evidence. They argue that it was based on fraudulently filed papers; Defendant Gomez's assertions in direct conflict with Plaintiffs' prior warranty deed and affidavits. They argue that it was void for improper service or jurisdiction; despite being the record-holders of the property Plaintiffs were not notified of, or served with the pleadings.

Citing the Guam Code and a 1922 California Supreme Court case, as well as several others, Plaintiffs argue that as the record owners and the actual occupants of the property, they were entitled to actual notice of CV1651-96 and that absent proof of service that its judgment is void. Additionally Plaintiffs argue that they are *bona fide* purchasers of Lot 5234-7-5. To support this argument they assert that they gave good and valuable consideration for Lot 5234-

7-5 and that upon purchase they did not have actual or constructive notice of any cloud upon the Lot's title.

## DISCUSSION

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International,* (Guam), Inc., 1997 Guam 10, ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in the light most favorable to the non-moving party. *Bank of Guam v. Flores*, 2004 Guam 25. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27, ¶7.

Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27, ¶7; *Iizuda*, 1997 Guam 10, ¶8. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.

Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

A genuine issue precluding summary judgment exists "if there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *M Electric Corporation v. Phil-Gets (Guam) International Trading Corporation*, 2012 Guam ¶ 11.

**Quite Title**

In their October 1, 2013, verified pleading Plaintiffs request that a judgment be summarily entered in their favor through several causes of action. Plaintiffs' first and third causes of action are to remove cloud on title and to quite title. Compl. at 12. Actions in quiet title are recognized and regulated by Section 25101 of Title 21 of the Guam Code. In pertinent part this section provides, "[a]n action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him, for the purpose of determining such adverse claim . . . ." 21 GCA § 25101. Actions for quiet title are also recognized in Chapter 29 of Title 21, Land Title Registration. 21 GCA §§ 29101 et. seq. Section 29135 of Title 21 provides,

> The registered owner of any estate or interest in land obtaining a registered decree under this Law shall, except in case of fraud to which he is a party, or fraud of the person through whom he claims without valuable consideration paid in good faith, hold the same subject only to such estates, mortgages, liens, charges, and interests as may be noted in the last certificate of the title in the registrar's office and free from all others except:
> (a) Any subsisting lease or agreement for a lease for a period not exceed one (1) year, where there is actual occupation of the land under lease. The term lease shall include a verbal letting.
> (b) All land embraced in the description contained in the certificate which has theretofore been legally dedicated as or declared by competent court to be a public highway.
> (c) Any subsisting right of way or other easement, created within one (1) year before issue of the certificate, upon, over, or in respect of the land.
> (d) Any tax or special assessment for which a sale of the land has not been had at the date of the certificate of title.
> (e) Such right of action or claim as is allowed by this Law.
> (f) Liens, claims, or rights arising under the laws of the United States, which the law of Guam cannot require to appear of record upon the register.

21 GCA § 29135. Sections 29141 and 29143 further establish the conclusiveness of the valid issuance and registration of a deed and certificate of title. 21 GCA §§ 29141 and 29143. Finally Section 37102 of Title 21 provides that, every duly recorded conveyance, made in good faith and for valuable consideration, voids any subsequent conveyance or decree. 21 GCA § 37102.

In this case Plaintiffs' interest in Lot 5234-7-5 is subject to another adverse claim by Defendants. Plaintiffs have continually occupied the lot since June of 1995. They possess and have recorded a May, 1995 Warranty Deed and June, 1995 Certificate of Title. They have provided good and valuable consideration to purchase the Lot after performing reasonable due diligence to search for competing claims. They have paid property taxes on the property through 2008.

Defendant Scharffs' claim arises out of a January 14, 1998, Guam Superior Court quiet title judgment in CV1651-96. It was entered by default against Emilia D. Scharff and George E. Scharff or the Estate of George E. Scharff. The pleading from which the judgment arose was duly posted and published on February 6, and 17, 1997. Plaintiffs were not specifically or generally named in the pleading.

Applying the above facts under the applicable standards the Court finds that Plaintiffs are entitled to a judgment quieting their title to Lot 5234-7-5 as to any claim asserted upon the Lot by Defendants. Plaintiffs' duly conveying deed, certificate of title and registration, occurred prior to Defendants' CV1651-96 judgment, decree or registration. 21 GCA §§ 29141 and 29143. Furthermore, Plaintiffs' *bona fide* status is undisputable. 21 GCA § 37102.

**Set Aside Judgment**

Plaintiffs' second cause of action is to set aside the judgment entered in CV1651-96. In support of this request Plaintiffs' pleadings and moving papers cite to Rules 60(b)(2), (3), (4) and (6). Plaintiffs also cite to Section 25113 of Title 21 of the Guam Code. Although Section

25113 is found within Chapter 25 its mandates are facially limited by Section 25111 to actions of adverse possession, unknown defendants and *las pendens* (sic). 21 GCA §§ 25101; 25111; and 25113. As such, Superior Court of Guam Case No. CV1651-96 does not fall within the mandates of Section 25113. 21 GCA § 25113. Superior Court of Guam Case number CV1651-96 was not brought under Section 25111. *Gomez v. Scharff*, CV1651-96, (Super. Ct. Guam Jan. 13, 1998). It did not seek title remedies against unknown defendants and was specifically limited, in service and pleading to Defendants Scharff and the Estate of George E. Scharff. *Id.*

Rule 60(b) of the Guam Rules of Civil Procedure provides,

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as required by law, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Guam R. Civ. P 60(b).

In their motion papers Plaintiffs cite to several cases from other U.S. jurisdictions which

have interpreted this rule in such a way to allow for a collateral attack and voiding of a separate case. Mot. at 21-26. Reviewing these cases and arguments the Court is not persuaded that interpreting Rule 60(b) to collaterally void a judgment in a separate case is prudent or proper. On its face and as a whole Rule 60(b) relief is only properly considered when brought within the offending action. Guam R. Civ. P. 60; 1 et. seq. Furthermore the Court is not convinced it possesses the jurisdictional authority to collaterally void a separate judgment. 4 GCA § 4101.

**Fraud, Breach of Express and Implied Warranties, and Conversion**

Plaintiffs' fourth, fifth and sixth causes of action are for fraud, breach of express and implied warranties, and conversion. Compl. at 7-9. Although identified in their pleading and moving papers, Plaintiffs fail to identify, analyze or explain how under recognized legal standards, the facts they assert entitle them to judgment as a matter of law. Mot. at 1, and 14-34. Absent this the Court is unable to find that they have met their moving burden under Rule 56 of the Guam Rules of Civil Procedure. Guam R. Civ. P. 56.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.); *Edwards v. Pacific Financial Corporation*, 2000 Guam 27, ¶7 (A movant must demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading).

**Declaratory Judgment**

Plaintiffs' seventh cause of action is for Declaratory Judgment. Compl. at 9. Section 26801 of Title 7 of the Guam Code regulates the granting of declaratory judgments. 7 GCA § 26801. It in pertinent part provides,

> Any person interested under a deed . . . who desires a declaration of his rights . . . upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the court having jurisdiction for a declaration of his rights and duties in the premises . . . . He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force of a final judgment. Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought.

*Id.*

In this case Plaintiffs have set forth sufficient facts to establish their right to the sole possession of Lot. 5234-7-5, as to any claim or interest Defendants may assert in that property. As set forth above, it is undisputable that Plaintiffs acquired the property through warranty deed from the title holder after giving good and valuable consideration for it.

**Costs and Attorney Fees**

Pursuant to Section 26602(5) of Title 7 of the Guam Code Plaintiffs request that their reasonable attorney fees be awarded against Defendant Gomez. Mot. at 34. This request is based upon the Court making a finding that Defendant Gomez defrauded the Plaintiffs through misrepresentations, and willful and malicious actions. *Id.* Section 26602(5) provides,

> Except as otherwise expressly provided in this Title costs are allowed of course to the plaintiff upon a judgment in his favor in the following cases:
>
> 1. In an action for the recovery of real property;
> 2. In an action to recover the possession of personal property;
> 3. In an action for the recovery of money or damages;
> 4. In a special proceedings;
> 5. In an action which involves the title or possession of real estate.

7 GCA § 26602. On its face this Section allows the Court to award costs in actions for the recovery of real property. *Id.* These costs are proscribed however by Section 25102, when, in actions for quiet title, a judgment is taken against a defendant who "suffers judgment to be taken against him without answer." In this case Defendants have not filed an answer to Plaintiffs' pleading and a Default was entered against them. In light of the discretion allowed by Section 26602 of Title 7 and the language of Section 25102 of Title 21 of the Guam Code, the Court is not persuaded Plaintiffs are entitled to an award of costs.

## CONCLUSION

Based upon the foregoing, the Court GRANTS in part Plaintiffs' motion for summary judgment. As to their numbered causes of action one, three and seven Plaintiffs are entitled as a matter of law to a judgment quieting their title to Lot No. 5234-7-5. This judgment shall be against any claims or interests asserted by Defendants and shall declare them the sole legal owners of the same respectively. Plaintiffs' requests to enter summary judgment as to causes of action numbers two, four, five, and six, are DENIED. Plaintiffs' request for an award of costs is DENIED. Pursuant to this order Plaintiffs shall submit a proposed judgment within 30 days of the entry of this order.

SO ORDERED, this 22 day of _October_ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagatna, Guam

OCT 2 2 2013

Teresita S. Perez
Deputy Clerk, Superior Court of Guam